WALTER S. ENTRIKIN, complainant-appellant,

*v.*

SABINE W. WISTER, defendant-respondent.

[Submitted May term, 1926. Decided October 18th, 1926.]

When one does an act for or in the name of another, upon an assumption of authority, before ratification can be claimed, the person in whose name the act was performed must have full knowledge of all the facts and circumstances attending the transaction.

On appeal from the court of chancery advised by Vice-Chancellor Ingersoll.

*Mr. Herbert R. Voorhees (Mr. Ulysses G. Styron,* of counsel), for the appellant.

*Mr. Edward L. Katzenbach,* for the respondent.

The opinion of the court was delivered by

HETFIELD, J.

This appeal is from a decree dismissing a bill filed in the court of chancery to compel specific performance of what the appellant contends to be a contract to convey certain real estate situate in the city and county of Cape May, New Jersey.

The bill of complaint alleges that the defendant acting by one Sol Needles, her duly authorized agent, whose act she thereafter ratified, agreed in writing to sell and convey to complainant the land in question for the sum of $42,000. The written agreement referred to and set forth in the bill, upon which the complainant based his right of action, consisted of a receipt for two payments given by the alleged agent, Sol Needles, to complainant, and reads as follows:

"August 18th, 1925.

Received of Walter Entriken one thousand dollars [$1,000.00] on account purchase price of Wister property located north-west corner Beach avenue and Ocean street, Cape May City, New Jersey, including riparian rights of 183 feet parallel with Beach avenue, purchase price is forty-two thousand five hundred dollars [$42,500]. One thousand dollars [$1,000.00] to be paid within sixty days, nineteen thousand dollars [$19,000.00] in cash on day of settlement and twenty-two thousand five hundred dollars [$22,500.00] to remain on mortgage for five years at 6 per cent. interest. Settlement within sixty days [60] days at my office.

SABINA WISTER,<br>
by SOL NEEDLES,<br>
*Agt."*

"August 19th, 1925.

Received of Walter Entrikin, the second one thousand dollars [$1,000.00] referred to above, leaving balance of eighteen thousand [$18,000.00] to be paid in cash at settlement.

SABINA WISTER,<br>
by SOL NEEDLES,<br>
*Agt."*

The complainant in his bill rested his right to specific performance solely on the receipt given by the agent, while at the hearing and in his argument he depended more on certain correspondence between the agent and the defendant's attorney, Thomas Stokes, and her daughter, Mrs. R. W. Mears, all of which related to the terms and conditions for the sale of property if a purchaser were found by the agent. There was no communication of any kind to or from the complainant, and there was only one letter offered in evidence signed by the defendant, which was directed to the agent, stating she had given the deeds of her property to her attorney, who would communicate with the agent. These letters and other evidence offered at the trial merely justified the inference that the defendant placed her lands in the hands of Sol Needle as an ordinary real estate broker to negotiate a sale by finding a purchaser upon satisfactory terms, and that no authority was ever given the agent to conclude a binding contract for the sale of the property.

The complainant, in his brief, admits that there was no specific authority conferred on the agent to sign a contract for the sale of land which would be binding on the defendant,

and he also concedes the fact that there was no proof showing the defendant had any knowledge of the signing of the receipt referred to in the bill of complaint, but contends that the defendant ratified the signing of the receipt by reason of her attorney writing the agent requesting him to arrange to have $1,000 paid on account and to forward the agreements of sale for the purpose of execution. We cannot conceive how there could be a ratification of an agent's unauthorized act of which the principal had no knowledge. In *Lindley et al. v. Keim et al., 54 N. J. Eq. 418,* it was held that "knowledge of the act which has been done without authority is an essential element of the ratification of the act."

When one does an act for or in the name of another, upon an assumption of authority, before ratification can be claimed, the person in whose name the act was performed must have full knowledge of all the facts and circumstances attending the transaction, and it is admitted by the complainant that such is not the fact in this case.

The decree below is therefore affirmed.

*For reversal*—None.